UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**JOSEPH P. BRAUD JR.**                                  **CIVIL ACTION**

**VERSUS**                                               **NO. 20-1254**

**RODERICK J. JEMISON ET AL**                            **SECTION "B"(4)**

ORDER AND REASONS

Considering plaintiff's Motion for Leave to Amend Complaint (Rec. Doc. 63), **IT IS ORDERED** said motion is **DENIED**.

Plaintiff's motion is untimely under the court's scheduling order (Rec. Doc. 22). Movant, therefore, must show good cause to modify the court's deadlines in accordance with Fed. R. Civ. P. 16(b)(4). *See S & W Enter., LLC v. South Trust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003). Good cause requires a showing that the deadlines could not "reasonably be met despite the diligence of the party needing the extension." *Id*. at 545 (citation omitted). The court may consider four factors for determining whether "good cause" exists to grant an untimely motion to amend a pleading: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *See Id*. (citing *Reliance Ins. Co. v. Louisiana Land & Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). "Only upon the movant's demonstration of good cause to modify the scheduling order will

the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave." *S & W Enter.*, 315 F.3d at 536.

The amendment at this juncture is prejudicial and unwarranted. As stated in the court's order denying a trial continuance, movant has not explained his prior decision to voluntarily dismiss his claims for economic damages and mental suffering despite knowing that he allegedly was having problems using his hands and unable to perform as an oral surgeon. He indicates in his pleadings that he stopped treating patients in 2019 shortly after the accident. Despite the continued problems, plaintiff also inexplicably failed to seek timely or more aggressive medical care for his alleged medical concerns until after dismissing his claims for economic and mental suffering damages.

Plaintiff now seeks to reinstate his claims for past and future economic losses which were voluntarily dismissed in March of 2021, preempting need for discovery on the dismissed claims relatively near or after pertinent deadlines. Movant's conduct is another late attempt to manipulate and usurp court orders and rules to reinstate the dismissed claims beyond the deadlines previously set. An amendment to revive these claims on the eve of trial is

prejudicial. Movant has not shown good cause for the court to allow the amendment.

New Orleans, Louisiana this 5th day of August, 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE